UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL R. BUCHANAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00564-JMS-MJD |
| | ) | |
| VANIHEL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Daniel Buchanan has filed a Petition for a Writ of Habeas Corpus alleging that his due process rights were violated during disciplinary proceedings that resulted in the loss of 90 days of earned credit time. [Filing No. 1.] For the reasons stated below, Mr. Buchanan's Petition is **DENIED**.

## I.
## LEGAL BACKGROUND

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
### FACTUAL BACKGROUND

On July 26, 2023, Officer K. Wheeler charged Mr. Buchanan with violating Offense B-202, "Possession or Use of Controlled Substance or Controlled Substance Analog." [Filing No. 8-1.] The Conduct Report states as follows:

> On 7/26/23 at approximately 12:05AM I C/O Wheeler was completing a security round of GHU right wing. As I approached GHU 311 Incarcerated Individual Buchanan, Daniel #157928 and Incarcerated Individual Powell, Joshua #118084, I did observe II Powell pacing at the front of his cell in a[n] agitated state and II Buchanan on the floor screaming and thrashing around.
>
> At this time first responders were called and arrived at 12:08AM. First responders entered GHU 311 and observed I/I Buchanan laying on the floor, unable to verbally respond, foaming from the mouth and blue in the face. A signal 3000 was called and nasal Narcan was administered. Medical arrived at 12:16 am and assessed I/I Powell and I/I Buchanan.
>
> At 12:36 am a search was conducted in GHU 311 and I, CO Wheeler, did find two cardboard tubes with a piece of metal attached to them. Inside the metal pieces were burnt residue and small pieces of white paper containing an odor and appearance consistent with smoking intoxicants. Through my training and experience working in the Department of Corrections I know these items to be controlled substances intended for the use of smoking and getting high.
>
> Pictures taken, delivered to OII.

[Filing No. 8-1 at 1.] Mr. Buchanan allegedly received a copy of the Conduct Report at screening, but Mr. Buchanan disputes whether he actually saw the Conduct Report prior to his disciplinary hearing. [Filing No. 1 at 3.] Mr. Buchanan pleaded not guilty and requested that Mr. Powell be a witness, stating "it's his" property that was in their cell. [Filing No. 8-4 at 1.] Mr. Powell wrote a statement that said "[e]verything found in our room on the night in question was mine. I have never witnessed [Mr.] Buchanan consume any type of controlled substance, or seen him possess any controlled substances." [Filing No. 8-7 at 1.] After a postponement, Mr. Buchanan had his disciplinary hearing, during which he testified that "[t]he things they found were not mine they were both my celly's." [Filing No. 8-6 at 1.] The Hearing Officer found Mr. Buchanan guilty

based on the Conduct Report, Mr. Buchanan's statement, Mr. Powell's statement, the photograph of the toilet paper rolls with a makeshift pipe, and the fact that there were two toilet paper pipes to match the two inmates, both of whom "appeared under the influence" during the incident. [Filing No. 8-6 at 1.] Mr. Buchanan was punished with certain non-custodial sanctions and a loss of 90 days of earned-credit time. [Filing No. 8-6 at 1.]

Mr. Buchanan appealed both to the Facility Head and the Final Reviewing Authority and his appeals were denied at both levels. [Filing No. 8-8; Filing No. 8-9.] Mr. Buchanan has now filed a Petition for a Writ of Habeas Corpus in this Court, arguing that he did not receive adequate notice of the charge against him, that the evidence was insufficient to convict him, and that the prison violated internal policy. [Filing No. 1.]

### III.
#### DISCUSSION

**A.    Adequate Notice of the Charge**

Mr. Buchanan states that he did not receive a copy of the Conduct Report and therefore did not receive adequate notice to prepare to defend himself against the charge. [Filing No. 1 at 3.] He submits a statement, allegedly from Sergeant Simmerman, that states that Sergeant Simmerman was present during screening and that Screening Officer C. Pope only asked what Mr. Buchanan "pleads to the possession charge," and denied him a copy of the Conduct Report. [Filing No. 1-1 at 1-2.]

The Respondent argues that Mr. Buchanan received constitutionally sufficient notice of the charge against him. [Filing No. 8 at 6-7.] The Respondent notes, for example, that Mr. Buchanan "knew enough about the charge to request his cellmate [Mr.] Powell as a witness to say the confiscated items were [Mr.] Powell's." [Filing No. 8 at 7.] The Respondent argues that regardless of whether or not Mr. Buchanan "received a copy of the conduct report at screening, he received

3

sufficient notice of the charge against him to comply with due process," since "[h]e was able to marshal the facts and prepare a defense." [Filing No. 8 at 7.]

Mr. Buchanan did not file a reply.

"Indiana inmates have a protected liberty interest in their credit-earning class, and therefore are entitled to receive advance written notice of the charges against them." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations omitted). "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge," which allows "the accused to gather the relevant facts and prepare a defense." *Id.* (citations and quotation marks omitted). It is also true, though, that "harmless error" applies to due process claims in prison disciplinary cases. *Berghoff v. Vannatta*, 154 F. App'x 518, 520 (7th Cir. 2005) (citing *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003)). The Seventh Circuit has held it to be harmless error for a prisoner not to properly receive written notice where the notice that the prisoner did receive sufficiently "memorialize[d] [the prisoner's] intention to call" a witness, demonstrating that the prisoner "was well aware of the factual basis for the charge," which was enough "enough to identify a potential supporting witness." *Berghoff*, 154 F. App'x at 520.

In this case, Mr. Buchanan's Screening Report, which he does not contest, shows that he wished to call Mr. Powell as a witness. [Filing No. 8-4.] And Mr. Powell testified that Mr. Buchanan did not possess the contraband, clearly demonstrating that Mr. Buchanan "was well aware of the factual basis for the charge." *Berghoff*, 154 F. App'x at 520; [Filing No. 8-7.] So even if Mr. Buchanan did not receive a copy of the Conduct Report, any error was harmless. *See Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003) (per curiam) (applying harmless error analysis to due process claim in prison disciplinary context).

4

Mr. Buchanan is not entitled to habeas relief on the ground of inadequate notice of the charge against him.

### B.      Sufficiency of the Evidence

Mr. Buchanan argues that the facts in his case are "not sufficient to say & prove that the paraphernalia removed from the cell were" his since Mr. Powell specifically stated that they were Mr. Powell's. [Filing No. 1 at 3.] Mr. Buchanan states that he has never even smoked tobacco and did not know the toilet paper pipes were there because Mr. Powell "didn't make [them] while [he] was in there or [he] was not awake to witness it." [Filing No. 1 at 3.]

The Respondent argues that "[s]ome evidence supported the finding that [Mr.] Buchanan was guilty of possessing the contraband found in his cell." [Filing No. 8 at 9.] The Respondent states that "[a]lthough his cellmate Powell provided a statement saying the contraband was Powell's, [Mr.] Buchanan was presumed to have possession under the Department's broad definition of possession." [Filing No. 8 at 9.] The Respondent states that an offender "is presumed to be responsible for any property, prohibited property, or contraband that is located on their person, [or] within their cell." [Filing No. 8 at 11 (quoting Filing No. 8-11 at 6).] The Respondent further argues that the definition of unlawful possession "includes the use of a controlled substance," which was made self-evident by Mr. Buchanan's "lying on the floor screaming and thrashing around, unable to verbally respond, foaming at the mouth, and blue in the face." [Filing No. 8 at 12.]

Mr. Buchanan did not file a reply.

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question

5

is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added).

Offense 202 "Possession or Use of Controlled Substance or Controlled Substance Analog" prohibits "possession of drug paraphernalia." [Filing No. 8-10 at 3.] As to possession, a prisoner "is presumed to be responsible for any property, prohibited property, or contraband that is located on their person, [or] within their cell." [Filing No. 8-11 at 6.] In this case, correctional staff found Mr. Buchanan lying on the floor, foaming at the mouth, and blue in the face and then discovered toilet paper rolls fashioned as makeshift pipes. [Filing No. 8-1 at 1 (Conduct Report); Filing No. 8-2 at 1 (photo of toilet paper pipes).] A Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision," and the Conduct Report describing the apparent crisis suffered by Mr. Buchanan is some evidence that he used, and therefore possessed, unlawful contraband. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The Seventh Circuit has held when only a few prisoners "occup[y] and . . . control[]" a prison area, that is sufficient to amount to "some evidence" of possession. *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (affirming denial of habeas relief and reasoning that there exists "some evidence" of guilt when only a few prisoners have access to contraband). In this case, the toilet paper pipes were in Mr. Buchanan's cell, and even though he shared that cell with Mr. Powell, Mr. Buchanan's proximity is some evidence of his possession. This is especially the case when – had the medical team not "arrived and provided intervention" via Narcan "for drug overdose" – Mr. Buchanan might not have lived to file his Petition. [Filing No. 8 at 9.]

Mr. Buchanan is not entitled to habeas relief on the ground of insufficiency of the evidence.

##### C. Violation of Prison Policy

Mr. Buchanan argues that his due process rights were violated because he was screened on July 27, 2023, and his hearing was postponed until August 10, 2023, violating the prison policy to have a disciplinary hearing within seven days of screening. [Filing No. 1 at 3.]

The Respondent argues that even if there were a violation of prison policy, "[a] violation of Department policy does not support federal habeas relief" because "federal habeas relief is available only for violations of federal law," not state law. [Filing No. 8 at 8.] The Respondent states that in any event, Mr. Buchanan did not exhaust this argument by raising it at each level of internal appeal. [Filing No. 8 at 12-14.]

The Respondent is correct: claims based on violations of prison policy alone are not cognizable and do not form a basis for habeas relief. See *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"). So even if the prison violated an internal rule to have a disciplinary hearing within seven days of screening, Mr. Buchanan would not be entitled to relief on that ground. Given this result, the Court need not evaluate whether Mr. Buchanan exhausted his remedies on this argument.

Mr. Buchanan is not entitled to habeas relief on the ground of violation of prison policy.

#### IV.
#### CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in Mr. Buchanan's case, and there was no

7

constitutional infirmity in the proceeding that entitles him to the relief he seeks. Accordingly, Mr. Buchanan's Petition for a Writ of Habeas Corpus, [1], is **DENIED**, and the action is dismissed. Final judgment shall issue by separate order.

Date: 5/9/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL R. BUCHANAN
157928
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov